UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM WALKER,

                    Plaintiff,                         No. 93-CV-71641-DT

vs.                                                    Hon. Gerald E. Rosen

K. BEALS and O. BOYD,

                    Defendants.
_____/

ORDER DENYING DEFENDANTS' MOTION
TO DISMISS FOR FAILURE TO PROSECUTE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     June 8, 2006

PRESENT:   Honorable Gerald E. Rosen
                      United States District Judge

This matter is presently before the Court on Defendants' March 24, 2006 Motion to Dismiss for Failure to Prosecute. In this motion, Defendants argue that this case, which has been noticed for trial in June 2006,[1] should be dismissed for lack of prosecution. Defendants argue that Plaintiff has taken no action to prosecute this case and is solely responsible for a ten-year delay in this case getting to trial. Defendants misrepresent the course of proceedings in this matter.

_____

[1] Defendants filed their motion to dismiss upon their receipt of the Court's Trial Notice and shortly after Plaintiff filed a "Motion for an Ancillary Order"concerning the prison's confiscation of his word processing discs and paperwork concerning this case.

1

Defendants base their contention that Plaintiff "is solely responsible for the delay" in this case on their mischaracterization of the record of this matter, and in particular, their mischaracterization of the motions pursuant to which Plaintiff's original attorney, Dan Manville, was granted leave to withdraw as counsel.

Defendants assert that Plaintiff Walker "fired" Mr. Manville.  This is not correct. Plaintiff did not fire his attorney; rather, Mr. Manville moved to withdraw from this case when the PLRA was enacted because of the Act's strict limitations on attorney fees awards in prisoner civil rights cases.  Although the Court initially denied Mr. Manville's motion to withdraw, on his subsequent motion for reconsideration, leave to withdraw was granted.  (Mr. Manville's withdrawal was conditioned upon his agreement to act as standby counsel in the event that the Court was not successful in finding another lawyer to represent Mr. Walker.)

The Court then attempted to find another lawyer through the Court's pro bono program who would represent Plaintiff at trial.  This proved to be an arduous task due to the number of pro bono attorneys who were conflicted out of representation of Mr. Walker because the State of Michigan is a party in interest.

Meanwhile, while the Court worked at finding new counsel for Plaintiff, Defendants filed a motion for leave to file a new dispositive motion based on new case law.  The motion for leave was litigated before the magistrate judge and this Court.  After this Court sustained the objections of the Defendants to the magistrate judge's denial of their request for leave, the parties proceeded to litigate Defendants second motion to

2

dismiss.  As with all other pretrial matters, this motion was litigated first before the magistrate judge and when the magistrate judge denied that motion, the matter was relitigated in this Court which ultimately affirmed the magistrate judge's denial.  In the meantime, 13 additional motions were filed by the parties which were litigated before the magistrate judge.

The foregoing demonstrates that Defendants' assertions that there has been a failure to prosecute this case for over 10 years on the part of Plaintiff Walker is without factual merit.  The case has been actively litigated.  The Court's docket, in fact, reflects that more than 165 pleadings, motions, and briefs have been filed in this matter, more than half of which have been filed since Mr. Manville's withdrawal as counsel of record.

In sum, the Court finds Defendants' claims of Plaintiff's failure to prosecute this case to be without merit.  Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss for Failure to Prosecute is DENIED.


s/Gerald E. Rosen_____
Gerald E. Rosen
United States District Judge

Dated:  June 8, 2006

3

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 8, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager