UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM WALKER #183367,

    Plaintiff,                               Case No. 93-71641

v.                                     Magistrate Judge R. Steven Whalen

K. BEALS and O. BOYD,

    Defendants.

_____/

**ORDER DENYING MOTION TO DISQUALIFY MAGISTRATE JUDGE**

Before the Court is Plaintiff's "Motion to Remove Magistrate Steven Whalen" [Docket #248].[1]

Regarding disqualification or recusal of a judicial officer, 28 U.S.C. §455(a) states:

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

Sec. 455(b)(1) states that a judicial officer should also be disqualified:

"Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

---

[1] In 1990, Congress changed the title from "Magistrate" to "Magistrate Judge." Act Dec. 1, 1990, Pub.L. 101-650, Title III, § 321, 104 Stat. 5117.

-1-

"In order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial." *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005). In other words, the alleged bias must emanate from some source other than participation in the proceedings. *Id.* Knowledge gained and opinions formed by a judge during the proceedings cannot support a claim of recusal for improper bias and prejudice, and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). As the Supreme Court noted in *Liteky*, at 550-551:

> "The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task. As Judge Jerome Frank pithily put it: 'Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions.' *In re J.P. Linahan, Inc.,* 138 F.2d 650, 654 (CA2 1943)."

In this case, the Plaintiff claims that this Court's comments and demeanor toward him during telephonic conferences "have made it clear, [the Court] has no respect for PLTF, and considers PLTF as a non-existent person." Plaintiff's Motion, ¶2. Apart from the fact that Plaintiff is incorrect–we afford respect to all litigants appearing before us–it is irrelevant under *Liteky* and *Jamieson*, since even perceived judicial expressions of impatience or "disrespect" during court proceedings do not arise from an extrajudicial source.

Plaintiff also claims that the Court's "subconscious" bias is revealed by judicial rulings that have been unfavorable to him. Plaintiff's Motion, ¶¶8-16. Again, *Liteky* clearly

holds that adverse judicial rulings will rarely support a bias or impartiality motion.

Plaintiff further argues that the Court improperly held a status conference with his "standby counsel"[2] and defense counsel. This telephonic conference, however, dealt only with the rescheduling of the trial date and the availability of counsel, and no substantive matters were discussed. Thus, the communication arose "in a purely judicial context" and "were ministerial in nature[,] not pertain[ing] to matters at issue between the parties as adversaries." *Reed v. Rhodes*, 179 F.3d 453, 469 (6th Cir. 1999). Such communications do not present grounds for recusal. *See Lessard v. City of Allen Park*, 249 F.Supp.2d 871 (E.D. Mich. 2003).

Finally, to the extent that Plaintiff's motion is construed as being brought under 28 U.S.C. §144, it must also be denied. Section 144 requires the movant to file "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Sections 144 and 455 are construed *in pari materi*, and disqualification under either section must be predicated on extrajudicial conduct rather than judicial conduct. *City of Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir. 1980); *Easley v. University of Michigan Board of Regents*, 853 F.2d 1351, 1355 (6th Cir. 1988). Thus, to be "sufficient," an affidavit filed under §144 must set forth grounds for disqualification based on extrajudicial conduct. *Kersh v. Borden Chemical*, 689 F.Supp. 1457 (E.D. Mich. 1988). The judge whose disqualification is sought "has a duty to

---

[2] Plaintiff is proceeding *pro se*, but the District Judge assigned attorney Dan Manville, Plaintiff's former attorney of record, as standby counsel.

examine the affidavit to determine whether it is timely and legally sufficient." *Easley*, 853 F.2d at 1355.

Assuming that Plaintiff's motion is construed as an affidavit,[3] it fails to set forth an extrajudicial basis for disqualification, as discussed above. In addition, Plaintiff has not complied with the statutory requirement that the affidavit be accompanied by a certificate that it was made in good faith. *Kersh, supra*, 689 F.Supp. At 1459. Therefore, disqualification is not required either under §144 or §455.

Accordingly, Plaintiff's Motion to Remove Magistrate R. Steven Whalen [Docket #248] is DENIED.

SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: May 16, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 16, 2007.

S/G. Wilson
Judicial Assistant

---

[3] While Plaintiff's allegations are not notarized, he does declare, under penalty of perjury, that the statements are true and correct, citing 28 U.S.C. §1746, which gives effect to unsworn declarations under penalty of perjury. The Court will therefore construe his motion as an affidavit, albeit an insufficient affidavit under §144.

-4-