UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM WALKER,

                                      Case No. 93-71641

      Plaintiff,

v.                                      Honorable R. Steven Whalen
                                      United States Magistrate Judge

OLLIE BOYD and
KYLE BEALS,

      Defendants.
_____/

## OPINION AND ORDER DENYING MOTION FOR NEW TRIAL
## AS TO DAMAGES

Following trial,[1] a jury in this case found no cause of action as to Defendant Beals, and found no cause of action as to either Defendant on Plaintiff's First Amendment access to the courts claim. The jury found that Defendant Boyd had retaliated against Plaintiff, in violation of the First Amendment, but awarded zero damages.

Plaintiff now brings a motion for new trial as to damages, pursuant to Fed.R.Civ.P. 59(a) [Docket #282]. He argues that the jury's award of zero damages is against the weight of the evidence.

Fed.R.Civ.P. 59(a) provides that following a jury verdict, the court may grant a new

---

[1] The parties consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. §636(c).

-1-

trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." In *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940), the Supreme Court held that "motion for new trial may invoke the discretion of the court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the moving party." The grant or denial of a motion for new trial under Rule 59(a) is addressed to the court's broad discretion, *J.C. Wyckoff & Assoc. v. Standard Fire Ins. Co.,* 936 F.2d 1474, 1487 (6th Cir.1991) (quoting *Logan v. Dayton Hudson Corp.,* 865 F.2d 789, 790 (6th Cir.1989)).

However, where a Rule 59 motion asks a court to set aside or modify a jury verdict that was grounded in properly admitted evidence, a court must proceed cautiously, with due deference to the parties' Seventh Amendment right to a jury trial. In *Duncan v. Duncan,* 377 F.2d 49, 54 (6th Cir.1967), the Sixth Circuit cautioned:

> "Where no undesirable or pernicious element had occurred or been introduced into the trial and the trial judge nonetheless grants a new trial on the ground that the verdict was against the weight of the evidence, the trial judge in negating the jury's verdict has, to some extent at least, substituted his judgment of the facts and the credibility of the witnesses for that of the jury. Such an action effects a denigration of the jury system and to the extent that new trials are granted the judge takes over, if he does not usurp, the prime function of the jury as the trier of facts."

(quoting *Lind v. Schenley Indus., Inc.,* 278 F.2d 79, 90 (3d Cir.1960) (en banc)). Likewise, the Sixth Circuit in *Denhof v. City of Grand Rapids,* 494 F.3d 534, 543-44 (6th Cir.2007), recently stated:

> "In considering a motion for a new trial on the ground that the verdict is against the weight of the evidence, the court is not to set aside the verdict simply because it believes that another outcome is more justified.... The court is to accept the jury's verdict if it is one which reasonably could have been reached.... To put it more succinctly, this court will overturn a grant of a motion for a new trial on the basis that the verdict was against the weight of the evidence where it is clear that the jury verdict was reasonable."
> (Citations and internal quotes omitted).

In the present case, the Plaintiff was a prison inmate at the time his cause of action accrued. Defendant Boyd was a Corrections Officer. The evidence tended to support the theory that Defendant Boyd issued one or more disciplinary tickets to the Plaintiff in retaliation for his exercise of constitutionally protected activity. One ticket was dismissed, and the other ticket resulted in a "not guilty" administrative finding. This latter ticket, involving a so-called "non-bondable" offense, resulted in Plaintiff being placed in temporary segregation for several days. The conditions in temporary segregation were more restrictive, and included limitation on legal materials, being required to dine in his cell, and limited "yard time." However, the other ticket that was dismissed did not result in Plaintiff's placement in temporary segregation.

The jury was instructed on compensatory damages, punitive damages and presumed damages, and each category of damages was listed separately on the verdict form. The jury wrote "zero" next to each category of damages.

The jury's award of zero damages was not unreasonable, for two reasons. First, a jury is free to believe or disbelieve any testimony. Thus, the jury could permissibly have rejected the claim that the "non-bondable" ticket was retaliatory, and found instead that the

dismissed ticket was retaliatory, but that the Plaintiff suffered no actual compensable damages. Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn other inferences or conclusions or because the judge feels that other results are more reasonable. *Barnes v. Owens-Corning Fiberglas Corp.,* 201 F.3d 815, 820-21 (6th Cir.2000).

Secondly, even if the jurors found that the "non-bondable" ticket had been issued in retaliation for protected activity, they could reasonably have found that the conditions in temporary segregation were not as draconian as Plaintiff alleged, or that the restrictions, coupled with the relatively short duration or confinement, did not support an actual monetary damage award.

It is of no import that I might award compensatory or punitive damages if I were the trier of fact. The jury's verdict as to damages was well grounded in admissible evidence. It is not for this Court to second-guess the jury's reasonable verdict as to damages.[2]

Therefore, Plaintiff's Rule 59(a) motion for new trial on damages [Docket #282] is

---

[2] Nevertheless, in a §1983 case, where a deprivation of rights has occurred, at a minimum nominal damages must be awarded. *See, e.g., Farrar v. Hobby,* 506 U.S. 103, 112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). Nominal damages are properly set at one dollar. *See Carey v. Piphus,* 435 U.S. 247, 266, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). Therefore, I have, by separate order, amended the judgment to include an award of nominal damages in the amount of one dollar.

DENIED.

SO ORDERED.

                                                s/R. Steven Whalen
                                                R. STEVEN WHALEN
                                                UNITED STATES MAGISTRATE JUDGE

Dated: March 17, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 17, 2008.

                                                s/Susan Jefferson
                                                Case Manager